UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2023
June 25, 2024, SESSION



UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　CRIMINAL NO. 5:24-cr-00104
　　　　　　　　　　　　　　　21 U.S.C. § 843(a)(3)
　　　　　　　　　　　　　　　21 U.S.C. § 846
　　　　　　　　　　　　　　　18 U.S.C. § 1365(a)
JACQUELINE BREWSTER　　　　　42 U.S.C. § 1320d-6

# I N D I C T M E N T

The Grand Jury Charges:

## GENERAL ALLEGATIONS

1. At all relevant times to this Indictment, defendant JACQUELINE BREWSTER was a licensed registered nurse in the State of Kentucky and had multistate privileges permitting her to practice nursing in both Tennessee and West Virginia. In February 2004, the Kentucky Board of Nursing issued defendant JACQUELINE BREWSTER license number 1103045.

2. From no later than September 2021, through at least February 2022, defendant JACQUELINE BREWSTER was employed as a travel nurse at Raleigh General Hospital ("RGH") located in Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia.

3. From no later than September 2021, through at least February 2022, defendant JACQUELINE BREWSTER devised and executed

a scheme to acquire and attempt to acquire, and tamper with and attempt to tamper with a Schedule II controlled substance, specifically hydromorphone, an opioid. It was part of this scheme to divert and tamper with hydromorphone that defendant JACQUELINE BREWSTER used her nursing license to gain employment at RGH and to gain access to controlled substances. Defendant JACQUELINE BREWSTER used her nursing license and her position of trust as a nurse, and her access to computers and computer systems of RGH including, but not limited to, controlled substance dispensing machines ("Omnicells"), to find out which patients of RGH might have received prescriptions for hydromorphone. Then, by means of misrepresentation, fraud, deceptions, and subterfuge, defendant JACQUELINE BREWSTER did acquire and obtain and tamper with the containers and contents of hydromorphone that were intended for RGH's patients.

4. Hydromorphone, also known as Dilaudid, is an opioid and a Schedule II controlled substance. According to the Centers for Disease Control and Prevention, opioids are a class of drugs used to treat moderate to severe pain but are also highly addictive and prone to abuse and diversion.

5. From no later than September 2021, through at least February 2022, defendant JACQUELINE BREWSTER, while employed as a nurse of RGH, was authorized to access individually identifiable

health information of RGH's patients, as necessary to provide services to patients.

6. From no later than September 2021, through at least February 2022, defendant JACQUELINE BREWSTER used her nursing license to gain employment and access to the patient records, the pharmacy records and hydromorphone at RGH. Because hydromorphone is a Schedule II controlled substance and highly addictive and prone to abuse and diversion, RGH stored its hydromorphone securely in a dispensing machine.

7. The hydromorphone at RGH was intended for its patients, who were under the care of defendant and other medical professionals. Defendant JACQUELINE BREWSTER used her nursing license and access at RGH to learn which patients had prescriptions for hydromorphone and then to divert the hydromorphone to herself.

8. Defendant used her own fingerprint to obtain access to RGH's dispensing machine on the false pretense that she was accessing the hydromorphone to treat patients suffering from pain. Defendant removed the caps from vials of hydromorphone, and by some method drew out the hydromorphone. Defendant then refilled the vials with another clear substance to make the vials appear as if they still contained hydromorphone. Defendant also utilized an adhesive to replace the caps of the vials in an attempt to make it appear as if the vials were undisturbed, when in truth these consumer products no longer contained their declared values of

hydromorphone. In this way, defendant made it appear as if the vials remained new, unopened, and filled with the controlled substance on their respective labels, that is, hydromorphone, when in truth defendant had diverted some or all of the hydromorphone in the vials to herself. Defendant then placed the tampered vials back in the dispensing machine.

## COUNT ONE

9. Paragraphs 1 through 8 are realleged and incorporated as though fully set forth herein.

10. From on or about September 17, 2021, through on or about February 1, 2022, at or near Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JACQUELINE BREWSTER, did knowingly and intentionally engage in an ongoing scheme to acquire, obtain, and attempt to acquire and obtain a quantity of hydromorphone, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge.

In violation of Title 21, United States Code, Sections 843(a)(3) and 846.

## COUNT TWO

11. Paragraphs 1 through 8 are realleged and incorporated as though fully set forth herein.

12. From on or about September 17, 2021, through on or about February 1, 2022, at or near Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JACQUELINE BREWSTER, with reckless disregard for the risk that another person will be placed in danger of bodily injury and under circumstances manifesting extreme indifference to such risk, engaged in an ongoing scheme to tamper, and to attempt to tamper, with a consumer product that affected interstate or foreign commerce, specifically, vials of hydromorphone, and the labeling of, and containers for, such product.

In violation of Title 18, United States Code, Section 1365(a).

## COUNT THREE

13. Paragraphs 1 through 8 are realleged and incorporated as though fully set forth herein.

14. At all relevant times to this Indictment, RGH was a "covered entity," as described in the Health Insurance Portability and Accountability Act ("HIPAA") privacy regulation, 42, U.S.C., § 1320d-9(b)(3). The patient records maintained on RGH's computer and computer systems contained "individually identifiable health information," as defined by 42, U.S.C., § 1320d(6) and 45, C.F.R., § 160.103.

15. The term "covered entity" means, in part, a health care provider who transmits any health information in electronic form in connection with a transaction covered by the subchapter, 45 CFR § 160.103. "Individually identifiable health information" is information, including demographic data, that relates to: (1) the individual's past, present, and future physical and mental health condition, (2) the provision of health care to the individual, and (3) the past, present, and future payment for the provision of health care to the individual, and that identifies the individual and for which there is a reasonable basis to believe it can be used to identify the individual. 45 CFR § 160.103. A covered entity must develop and implement written privacy policies and procedures that are consistent with the Privacy Rule, 45 CFR § 164.530(i). A covered entity must designate a privacy official responsible for

developing and implementing its privacy policies and procedures that are consistent with the Privacy Rule. 45 CFR § 164.530(a).

16. A covered entity must train all workforce members on its privacy policies and procedures, as necessary and appropriate for them to carry out their functions. 45 CFR § 164.530(b). A covered entity must have and apply appropriate sanctions against workforce members who violate its privacy policies and procedures or the Privacy Rule. 45 CFR § 164.530(e). Workforce members include employees, volunteers, trainees, and may also include other persons whose conduct is under the direct control of the entity. 45 CFR § 160.103.

17. From on or about September 17, 2021, through on or about February 1, 2022, at or near Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia, defendant JACQUELINE BREWSTER, engaged in an ongoing scheme to knowingly and without authorization obtain individually identifiable health information relating to individuals and maintained by RGH, a covered entity, under false pretenses and for personal gain.

In violation of Title 42, United States Code, Section 1320d-6(a)(2), (b)(2), and (b)(3).

## **FORFEITURE**

The allegations contained in Counts One, Two, and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c).

Pursuant to 21, U.S.C. § 853(a), 28 U.S.C. § 2461(c) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon conviction of defendant JACQUELINE BREWSTER of the offenses in violation of 21 U.S.C. § 843(a)(3) and 846, defendant JACQUELINE BREWSTER, shall forfeit to the United States of America, any property, real or personal, constituting, or derived from, any proceeds traceable to the violations charged herein or, involved in or used to facilitate the commission of the offenses.

The property to be forfeited may include but is not limited to defendant's multi-state nursing license to practice medicine issued to her by the State of Kentucky, no. KY 1103045, issued in the name of Jacqueline Sue Brewster.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of a defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty, the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

                                  WILLIAM S. THOMPSON
                                  United States Attorney

             By: _____
                    OWEN A. REYNOLDS
                    Assistant United States Attorney