

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Sidney L. Christie Federal Building and United States Courthouse 845 Fifth Avenue, Room 209 Huntington, WV 25701*
*PHONE: 304-529-5799*
*FAX: 304-529-5545*

October 14, 2024

Emily L. Szopinski
Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Suite 3400
Charleston, West Virginia 25301

      Re:  United States v. Jacqueline Brewster
           Criminal No. 5:24-cr-00104 (USDC SDWV)

Dear Ms. Szopinski:

    This will confirm our conversations with regard to your client, Jacqueline Brewster (hereinafter "Ms. Brewster"). As a result of these conversations, it is agreed by and between the United States and Ms. Brewster as follows:

    1.  **PENDING CHARGES.** Ms. Brewster is charged in a three-count indictment as follows:

(a)  Count One charges Ms. Brewster with a violation of 21 U.S.C. § 843(a)(3) and 21 U.S.C. § 846 (obtaining a controlled substance by fraud);

(b)  Count Two charges Ms. Brewster with a violation of 18 U.S.C. § 1365(a) (Tampering with a Consumer Product); and

(c)  Count Three charges Ms. Brewster with a violation of 42 U.S.C. § 1320d-6(a)(2), (b)(2), and (b)(3)(Wrongful disclosure of individually identifiable health information).

                                                                            _____
                                                                            Defendant's Initials

Emily L. Szopinski  
October 14, 2024                                       Re: Jacqueline Brewster  
Page 2

    2.    **RESOLUTION OF CHARGES.**  Ms. Brewster will plead guilty to a Count One, which charges her with a violation of 21 U.S.C. § 843(a)(3) (obtaining a controlled substance by fraud), and Count Three, which charges her with a violation of 42 U.S.C. § 1320d-6(a)(2), (b)(2), and (b)(3) (Wrongful disclosure of individually identifiable health information) of said Indictment. Following final disposition, the United States will move the Court to dismiss Count Two in Criminal No. 5:24-cr-00104 as to Ms. Brewster.

    3.    **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Ms. Brewster will be exposed by virtue of this guilty plea is as follows:

### COUNT ONE EXPOSURE

(a) Imprisonment for a period of four years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of one year;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

### COUNT THREE EXPOSURE

(a) Imprisonment for a period of ten years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

_____  
Defendant's Initials

Emily L. Szopinski  
October 14, 2024                          Re: Jacqueline Brewster  
Page 3

    (c)   A term of supervised release of three years;

    (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

**TOTAL EXPOSURE**

    (a)   Imprisonment for a period of fourteen years;

    (b)   A fine of $500,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of three years;

    (d)   A mandatory special assessment of $200 pursuant to 18 U.S.C. § 3013;

    (e)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.   **SPECIAL ASSESSMENT.** Ms. Brewster has submitted certified financial statements to the Untied States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Brewster agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.   **PAYMENT OF MONETARY PENALTIES.** Ms. Brewster authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Ms. Brewster agrees not to

_____<br>Defendant's Initials

Emily L. Szopinski
October 14, 2024                          Re: Jacqueline Brewster
Page 4

object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Brewster further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Ms. Brewster authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Ms. Brewster shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Ms. Brewster agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct her attorney to notify FLP immediately of her representation.

6.   **COOPERATION.**   Ms. Brewster will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this

_____
Defendant's Initials

Emily L. Szopinski
October 14, 2024                              Re: Jacqueline Brewster
Page 5

provision, Ms. Brewster may have counsel present except when appearing before a grand jury.

    7.   **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Brewster, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8.   **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Brewster for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Brewster for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Brewster stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Ms. Brewster agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Brewster or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Brewster knowingly and voluntarily waives, see

_____
Defendant's Initials

Emily L. Szopinski
October 14, 2024                                    Re: Jacqueline Brewster
Page 6


United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Ms. Brewster understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10.   **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Ms. Brewster agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Counts One and Three of the Indictment:

 USSG §2D2.2 - Base offense level -      8

 USSG §3B1.3 - Abuse of trust -       +2

 Adjusted offense level (prior to acceptance) - 10

The United States and Ms. Brewster acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11.   **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Brewster knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or

                _____
                Defendant's Initials

Emily L. Szopinski
October 14, 2024                              Re: Jacqueline Brewster
Page 7

term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Ms. Brewster also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction 21 U.S.C. § 843(a)(3) and 42 U.S.C. § 1320d-6(a)(2), (b)(2), and (b)(3) are unconstitutional, and (2) Ms. Brewster's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 843(a)(3) and 42 U.S.C. § 1320d-6(a)(2), (b)(2), and (b)(3).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Ms. Brewster also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Brewster knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

_____
Defendant's Initials

Emily L. Szopinski  
October 14, 2024                              Re: Jacqueline Brewster  
Page 8

Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    13.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Ms. Brewster;

    (f)  Advise the Court concerning the nature and extent of Ms. Brewster's cooperation; and

    (g)  Address the Court regarding the issue of Ms. Brewster's acceptance of responsibility.

    14.  **VOIDING OF AGREEMENT.** If either the United States or Ms. Brewster violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    15.  **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Brewster in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges

                                                                                   Defendant's Initials

against Ms. Brewster in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By: _____
OWEN A. REYNOLDS
Assistant United States Attorney

OAR/dlh

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    10-30-24
Jacqueline Brewster                Date Signed
Defendant

_____    10-30-24
Emily L. Szopinski                 Date Signed
Counsel for Defendant

                                   _____
                                   Defendant's
                                   Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 5:24-cr-00104

**JACQUELINE BREWSTER**

### STIPULATION OF FACTS

The United States and JACQUELINE BREWSTER (hereinafter "defendant, "I," "my," or "me") stipulate and agree that the facts comprising the offense of conviction (Counts One and Three in the Indictment in the Southern District of West Virginia, Criminal No. 5:24-cr-00104), and the relevant conduct for that offense, include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

At all relevant times I was a registered nurse licensed in Kentucky and permitted to work in both West Virginia and Tennessee pursuant to the Interstate Nursing Licensure Compact. Starting in September 2021, and ending in February 2022, I was employed as a travel nurse at Raleigh General Hospital (hereinafter "Raleigh General") in Beckley, Raleigh County, West Virginia, within the Southern District of West Virginia. While working at Raleigh General, I obtained controlled substances by fraud by diverting hydromorphone, a Schedule II controlled substance, for my personal use.

The hydromorphone at Raleigh General was held in multiple Omnicell machines throughout the hospital, machines that securely store controlled substances and are accessible by nurses who are responsible for administering medications to various patients (hereinafter "Omnicells"). I would go to different Omnicells, gain access using my personal biometrics, and begin the process of checking out hydromorphone purportedly for a patient. Once the drawer was open, I would siphon off a portion of the hydromorphone,

*Defendant's Initials*

PLEA AGREEMENT EXHIBIT B A

cancel or "null" the transaction, and replace the hydromorphone vial in the Omnicells. I would cancel or "null" the transaction in an attempt to cover up the theft of the hydromorphone. I would also dilute the hydromorphone with another substance so that it appeared the vial was full and, on several occasions, I used an adhesive to reattach the cap onto the hydromorphone vial. I was not siphoning this hydromorphone for legitimate use, but was, in fact, stealing the hydromorphone. I did this many times over the course of my employment at Raleigh General.

In order to obtain the hydromorphone from the Omnicells located inside Raleigh General, I unlawfully accessed individually identifiable health information of patients for my own personal gain. I was not accessing this protected health information within my official capacity as a nurse at Raleigh General but to assist in stealing the hydromorphone.

One such instance when I unlawfully accessed individually identifiable health information and obtained hydromorphone by fraud as described above occurred on or about February 1, 2022, at Raleigh General.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement and the involvement of others in the charge set forth in the Indictment.

Stipulated and agreed to:

_____  10-30-24
JACQUELINE BREWSTER            Date
Defendant

_____  10-30-24
EMILY SZOPINSKI                Date
Counsel for Defendant

_____  12/11/24
OWEN A. REYNOLDS               Date
Assistant United States Attorney

Defendant's Initials

PLEA AGREEMENT EXHIBIT A
2